UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAMIAN JUSTIN HARRIS,

          Petitioner,

   v.                                 CAUSE NO. 3:21-CV-805-DRL-MGG

WARDEN,

          Respondent.

## OPINION AND ORDER

Damian Justin Harris, by counsel, filed a habeas corpus petition to challenge his conviction for felony murder under Case No. 02D04-203-MR-2. On direct appeal, the Indiana Court of Appeals summarized the factual background of his criminal case as follows:

> When Harris was just fifteen years old, he attempted to rob a locally owned market. He failed in his endeavor to obtain money; however, as Harris was exiting the market, he entered into a struggle with the owner of the market, whom Harris shot and killed.

*Harris v. State*, 824 N.E.2d 432, 436 (Ind. App. 2005). Following a trial, on August 19, 2003, the Allen Superior Court sentenced him to sixty-five years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Mr. Harris argues he is entitled to habeas relief because he is actually innocent, because his sentence was manifestly unreasonable, and because trial

counsel rendered ineffective assistance by failing to present mitigating evidence at sentencing. Mr. Harris cannot proceed on the freestanding claim of actual innocence because actual innocence is not a recognized basis for habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 404–05 (1993); *Tabb v. Christianson*, 855 F.3d 757, 764 (7th Cir. 2017).

Additionally, the petition is untimely. The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Review of the petition indicates that the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the petition, the

Indiana Court of Appeals affirmed Mr. Harris' conviction on direct review on March 28, 2005. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Indiana Supreme Court for transfer expired on May 12, 2005. *See* Ind. R. App. 57(c) (petition for transfer must be filed within 45 days). The limitations period expired one year later on May 12, 2006, and Mr. Harris did not file the petition in this habeas case until October 11, 2021. Though Mr. Harris initiated efforts to obtain post-conviction relief in 2013, these efforts did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because Mr. Harris filed the petition fifteen years too late, the court finds that the petition is untimely.

Mr. Harris asserts that actual innocence excuses the untimely nature of his habeas claims and offers several documents as new evidence supporting this assertion. He represents that he shot the victim only once and argues that these documents demonstrate that the prosecution accused him of shooting the victim a second time in order to cover up an incident of medical malpractice. According to Mr. Harris, medical staff inflicted the wound found on the victim's lower back, and that wound rather than the gunshot to the chest caused the victim's death.

A habeas petitioner can overcome untimeliness by establishing that the court's refusal to consider an untimely claim would result in a fundamental miscarriage of justice. *McQuiggin v. Perkins*, 569 U.S. 383, 394 (2013). To meet this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

"[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006). In this context, the court may consider evidence only if it is reliable and was not presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015).

The documentary evidence includes the victim's medical records in which he is described as sustaining a single gunshot wound to the chest. It includes a postmortem examination in which a forensic pathologist assessed the victim with a gunshot wound to the chest and a gunshot wound to the lower back and listed them both as the cause of death. The documentary evidence includes what appears to be an internal memorandum from the Allen County Coroner's Office in which the chief deputy coroner expressed surprise at learning that a second gunshot wound was discovered during the autopsy. According to the memorandum, the treating physician told the chief deputy coroner that she knew of the second gunshot wound, discussed it with the family, but had concluded that the victim's chest wound was too severe to allow for additional surgery. The chief deputy coroner also spoke with a newspaper reporter who theorized that the treating hospital had overlooked the second gunshot wound and failed to treat it. Finally, the documentary evidence includes a merits review brief prepared by an attorney to evaluate potential claims for Mr. Harris' post-conviction proceedings. He opined that medical staff inflicted the second gunshot wound after the victim's death.

In essence, Mr. Harris argues that he is actually innocent because medical staff inflicted the lower back wound due to malpractice and that that wound caused the

victim's death. The documentary evidence provided by Mr. Harris is inadequate to demonstrate that medical staff inflicted the lower back wound through malpractice or otherwise. The sole indication that the lower back wound was not a gunshot wound was from a merits review brief prepared by an attorney who investigated the case several years after the conclusion of trial by reviewing the case file and by speaking with a pathologist. Even setting aside the attorney's lack of medical expertise, the attorney opined only that the wound was inflicted after the victim had already died. The documentary evidence contains no indication that any individuals with medical expertise or any individuals who had personally observed the lower back wound believed that it was caused by medical malpractice rather than a gunshot or otherwise questioned the cause of the lower back wound as described in the autopsy report. In other words, Mr. Harris has provided no new, reliable evidence to support an essential component of his claim of actual innocence. Therefore, the court cannot excuse the untimely nature of the petition based on actual innocence and dismisses the petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Mr. Harris to proceed further, and a certificate of appealability is denied.

5

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely;

(2) DENIES Damian Justin Harris a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

October 29, 2021  *s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　Judge, United States District Court